I'll say this to both counsel, you can approach whoever the appellant is here, Mr. Smith. You didn't want to be here today. We appreciate that. We were ready for this. We had the arguments prepared. You had obviously done significant briefing in advance. There may have added some expense to your clients. It did seem the better use of the court's time as well as your own to try to help us understand where this case is and if there's something we need to await. We can do that. If not, we can move ahead with a final decision. With that preliminary, why don't you proceed, Mr. Smith. Good morning, Your Honors. We believe that the court can proceed to a final decision on the record that it has. And I think we've, you know, the case can kind of be maybe divided or bifurcated into two points. We've got what was known to the district court judge at the time the decision was rendered. And we've got subsequent developments in the case that have been brought to this court's attention and we have since filed a motion to supplement which I believe was carried over to this panel. Is the only pending motion to supplement on the ruling by the intermediate court on the motion by your client? Yes, sir. The only one that's pending, there is a motion to supplement filed by the appellees initially to advise the court of an order that was denying arbitration with respect to the individuals at the trial level. Then there was a letter that was submitted by appellees that provided notice to the court of the Missouri Supreme Appellate Court's affirmation of that decision. And I believe there was then another letter of supplement advising this panel of the Supreme Court. We have filed one motion to supplement, which is pending, to advise this court that the Missouri Court of Appeals issued a writ of prohibition against the trial court, directing the trial court not to take any further action against Mr. Wills and Mr. Salmon on the grounds that it has no personal jurisdiction over those individuals. There's a ruling by the trial court, is that the August 19 ruling, I'm trying to remember my dates, in which the court indeed said that your clients went through the contract and determined because of the initials of your clients on individual pages they were subject as individuals to that contract. That wasn't appealed apparently, but instead you went this different route. Could you explain to me procedurally what that means in Missouri and why an appeal from that order would not have been the right way to proceed? Yes. The heading of the case is your clients versus the judge, the decision by the Missouri Court of Appeals. Yes, sir. The procedural, the way the Missouri law procedural works with respect to appealing a decision like that at the outset of the litigation, because it was a denial of our motion to dismiss for lack of personal jurisdiction, my understanding of Missouri procedural law is that there is no interlocutory appeal that can be taken at that time, and that other than filing what's called a writ of prohibition, which is somewhat analogous to a writ of mandamus, the individuals would have been forced to go through discovery, litigate, and defend the action as individual personal obligors. Well, looking at the collateral estoppel effects of that, are the only parties on what was before the Court of Appeals? Was the judge literally a party there who was represented and made some briefing, or was Arizon in some way represented there in the Court of Appeals to defend what was done in the trial court? The way that it works is that the . . . similar to a writ of mandamus, the judge is actually the respondent, and the judge did not file or submit any papers in defense of the decision. Arizon, however, did, as if Arizon was standing in the shoes of the respondent. So there's nothing irregular about Arizon doing that. They are formally allowed to participate in the action that you brought in the Court of Appeals? Arizon is formally allowed to participate, and they did. I would note with an asterisk, Your Honor, that it is an extraordinary remedy, and it is unusual for the Court of Appeals of Missouri to issue writs of prohibition. All I decided is there was a legal error in how to interpret that particular agreement. I don't know if that was extraordinary or not. I guess they found it clearly wrong, but it didn't seem like any . . . anyway, when you talk of extraordinary remedy, it makes me wonder why the Court of Appeals thought this was important enough to enter, other than they found clear error, perhaps. That, I don't know, Your Honor, but I do believe it fits within the concept of the extraordinary writs, and it's unusual, to my understanding, I'm not a Missouri state court practitioner, but it's my understanding that writs of prohibition are not common, and they're less commonly granted. So in our instance, following the district court judge's determination that the motion and dismiss should be granted, there have been several developments that have happened since that time. With respect to the district court judge's decision and what was before the district court, the district court found that there was both finality to the order as against the company, based on the trial court's decision denying arbitration. And in addition, the district court found that the individuals were in privity, such that the individuals would be stopped from making any argument different than that, and would be bound by that decision. That was what was decided, and that was what was before the trial court. Since that time, a couple of developments have happened. One, the company's decision was affirmed by the Court of Appeals, and the motion to transfer to the Supreme Court was affirmed. So the decision of the trial court denying arbitration, which was where it was when the district court had the case, has since been affirmed by the Missouri Court of Appeals, and transfer to the Supreme Court has been denied. In addition, since the trial court . . . Which is the equivalent of maybe a cert petition, so the effect of which is the Missouri Supreme Court ain't going to look at this. Yes, ma'am. And the second thing that's happened since then is that the individuals filed their motion to dismiss, which was also denied. They also filed a motion to arbitrate, which was also denied. When the motion to arbitrate was denied by the trial court, Arizon supplemented in this court with the order saying the individuals have been denied a motion to arbitrate. And I think the argument that was in that paper is telling for some of the underlying issues, and this is why. Arizon's argument to this court was, hey, look, there's two problems that these guys have with the district court's decision. One, it being a final judgment, and two, privity, because the judgment was not against the individuals, it was against the company. So in order for the trial court to get to the decision that the trial court got to, it needed to, one, determine that the order against the company by the trial court in Missouri was final, and two, that there was a sufficient bridge over to the individuals to apply collateral estoppel. Arizon's argument to this court was that the issue of privity, or the bridge as I called it, is moot because there was an order against the individuals. So therefore, this court can just go ahead and . . . So you're saying privity is now back in play because Missouri said, oops, you didn't have jurisdiction to enter this order that they . . . denying arbitration as to the individuals because you don't have jurisdiction over them. That's one. Yes, Your Honor. That would put privity back in play in our case. That's correct, Your Honor. And I think what also it does is it also demonstrates the issue of final judgment, because had our argument before this panel happened three months ago, I'm not sure I recall the exact date that the writ of prohibition was granted, but had this argument happened prior to the granting of writ of prohibition, had this court relied on that trial court determination as Arizon asked you to, saying the issue of arbitration is resolved, you no longer need to rely on privity, simply rely on that decision, then sure enough, if the court had made that decision as Arizon had asked, later that decision would have been upended because it would have been a legal . . . In the case of the general argument, I thought because of something that still could happen with the Missouri Supreme Court on the second ruling, the no personal jurisdiction ruling. The only reason that . . . Explain that to me. Yes, ma'am. The only reason that we agreed to request to put off the argument was because we didn't want to have an asterisk next to the writ of prohibition. We believe that the writ of prohibition, which was granted by the Court of Appeals, reconsideration was denied, so all that's left for that to be absolutely final is for the denial of transfer to the Missouri Supreme Court. We, of course, don't know whether they're going to do that. Statistically, the chances are they will not, but I didn't want there to be that asterisk as we're making the argument today to say . . . So the chances are they will not what? Grant a transfer? Yes, ma'am. But we will know that within a week or so. Well, I believe what will happen in a week is the Arizon has represented to the panel that they plan to ask for that transfer, which the deadline for making that request is this coming Friday. But there's no deadline for them to act on it? That's correct. So what we believe, and I believe the initial question from you, Judge Southworth, was is this right to decide, should we . . . do we have the right record to do it? We believe the answer is yes, because our belief is based on what the trial court had before her. Under Missouri law, the judgment denying arbitration was not final. Under Missouri law, because there was not a final order in the case signed by the judge resolving all issues against all parties. And in Missouri, that is the test. And in Missouri, a motion can be re-evaluated and can be modified up until the time of trial. Even after all of this appellate practice around this denial of arbitration as to the company, you're saying it could . . . the case could proceed on and the trial judge could suddenly have a light bulb and say, whoa, this needs to go to arbitration. You're saying that could still happen? The trial judge isn't prevented from doing that? So now we're talking about whether or not it's final now that there's been that, I guess, that appeal that's up there. Right. Yes. And our answer to that, Your Honor, would be the answer is yes with this qualifier. We believe that the court of appeals decision affirming the . . . and now, again, we're only talking about it as it relates to the company. No decision regarding arbitration has been rendered against the individuals that we believe will be sustained because we believe it's an illegal nullity due to the fact that the litigation. So we're only talking about a decision that was adverse to the company as it relates to arbitration. Unless your clients are in privity with that company. I'm sorry, sir? Unless your clients are in privity with that company and somehow are affected by that decision as well. I mean, I don't know if that's a very good argument, but that's what the argument opposing counsel has been. Yes, Your Honor. And we believe that . . . we believe that privity hinges upon the party's relationship to the subject matter of the litigation. Let me ask, before you get into that, it seems to me that what was most recently decided on March 25, at least as a date file stamp with us, I suppose, on the writ of prohibition is that Wills and Salmon are not affected by the second set of agreements that were entered that were called on their headings, I guess, quotations. Yes, sir. Because they had initialized them, the trial judge, whatever that's called, circuit judge maybe in Missouri, had found that made them subject to that agreement and the terms dealing with arbitration versus filing a lawsuit in St. Louis. But that doesn't answer the question of how they might be affected by the underlying agreement. Is the underlying agreement also part of the litigation in Missouri or just the quotations? Well, the focus . . . we believe they both are. Arizona is focused on the quotations. But all we really know by the writ of prohibition is that Wills and Salmon are not affected by the quotation, that they did not execute it, that they are not parties to it. They did not say anything about what their exposure may be under the agreement. Mr. Preston, by the way, do you agree with that? Well, we believe that the appellate court specifically found that there's no personal jurisdiction over Wills and Salmon in the Missouri state court because they did not define the quotations as in their individual capacity and are not individually bound as co-obligors. And that was what was pled by Arizona in that case as to why there's personal jurisdiction over these individuals. Well, what concerns me is the only thing the circuit judge decided on August 19th, I may be forgetting which date goes with which decision, but the one in which the circuit judge, trial judge said that your two clients are indeed subject, the only thing that judge was discussing was the fact that he had initialized the quotation. He made no reference, he or she made no reference to the other agreement. Is that, that's what made me wonder if that the only agreement that anybody has argued that these two individuals might be subject to individually. It's the only agreement, there's two agreements that are in connection with the litigation against the company. It's our position that this is a, our client bought a commercial domes. The concept that the individuals were personally purchasing millions of dollars of commercial domes from themselves is something that we didn't find to be valid and neither is the appellate court. But that, that was the claim that they purchased these for themselves. So they were all co-purchasers. It's not about guarantors. It's not about anything. It's saying these two employees of the company personally purchased millions of dollars of commercial domes for themselves. There's two agreements. Well, who's the president of the LLC and who's the other one? The, I believe it's the chief operating, it's Wills and Salmon. They're both officers. I know, but they're officers. Correct. I know the LLC employee sounds like somebody, you know, at some lower level. These are significant players and I don't know how large a corporation this is. So the act, it's a little bit different view of it when you talk about whether they did anything personally in this or not than if they were mere employees. Well, the argument is that these officers of a company, however large or however small, on an agreement, individually and personally purchased commercial domes themselves along with the company. So that three parties purchased domes. There's two documents that apply, a document called the nondisclosure and there's nondisclosure agreement, which was the NDFS and a document called the quotations. It is our understanding to this state that Arizona has argued that the personal jurisdiction was held over those individuals and they were liable due to the quotations, not regard to the NDFS. The NDFS however, has the broad arbitration agreement that the individuals and the company have relied on to say that the whole matter is subject to arbitration. Thank you, Counselor. Good morning, Your Honors. David Garish on behalf of Appelee's Horizon Structures and Johnson Marcraft. Would you say that name again? Horizon. Okay. Not Arizona. I guess first, Your Honor, I would like to address what were the source of many of your questions regarding the effect of the writ that was recently issued by the Missouri Court of Appeals and then I'll circle back and address issues related to finality and privity. With respect to the effect of the writ, Your Honor, I would suggest that at best the effect of that is contingent on this appeal. I would suggest, Your Honors, could decide this appeal based on the arguments we've advanced and based on the decisions reached by the district court here in the sense that finality still would exist and privity would still exist. Why I say it's contingent, that if Your Honors disagree with us about our arguments, our primary arguments regarding privity and a community of interest between Global Blue and Wills and Salmon, we did make the additional argument that the decision by the Missouri trial court on Wills and Salmon's motion to compel arbitration basically renders moot the privity issue. If you would disagree with us regarding the base issue on privity, then it's conceivable that we would need to consider whether or not the privity issue is moot. Now, if the issues stand as it currently is framed in the Missouri courts, that issue will ultimately be off the table. If we lose in terms of transferring to the Supreme Court of Missouri, then the second argument on privity that we made, the backup argument, would no longer be valid because we do agree that that issue would basically be rendered a nullity, the decision by the Let me ask you on the finality as to Global Blue, do you agree, I may have misunderstood your opponent, but I thought he said that the trial court could reconsider the decision even after all of this la-di-da with the appellate court and send y'all to arbitration. So is that true? And if so, then how can we say this is final? I completely disagree, Your Honor. The issue with respect to the finality of the April 8th no arbitration judgment by the Missouri Circuit Court is final, forever and for all time. So even if you're rocking along, getting the case ready for trial, and the judge just goes, oh my gosh, I just realized I made a huge mistake, this should have gone to arbitration, I want to send you to arbitration, you're saying the trial court lacks the power to do that in light of what's happened? Yes, Your Honor. It's law of the case. It's the decision by the Missouri Court of Appeals. Law of the case in our world, anyway, is prudential. It's not jurisdictional. So we typically don't go around changing our mind and running around and acting, you know, chaotic, however, with good reason, sometimes law of the case may yield to other rules. You're saying here law of the case is jurisdictional in Missouri? Well, Your Honors are free to change your ruling on a case, even though you may not often do it, but district courts are not free to change your rulings. District courts are bound by the decisions by this court. But the problem, I mean, that's law of the case as it applies to a lower court, I get that, but the problem here is if there is any discretionary component, if there's any change in facts, if there's any, I mean, sometimes even when we've ruled on something, it goes back to a district court, then facts change, something changes, then there's arguments that law of the case doesn't apply. My point is it's not jurisdictional, yes, you have the issue of you can't go against a higher court and all that, but I guess I'm not hearing that there is a jurisdictional bar to the trial court changing its mind as the case goes forward. It's just unlikely and perhaps improbable in light of what we know at this point. I do believe it is jurisdictional, Your Honor. The appellate courts have spoken on this issue. The appellate courts have considered whether or not there's a right to arbitration under the NDAFS. They have agreed with the circuit court. They have affirmed the circuit court. The Missouri Supreme Court was presented with an application to transfer that case, which is basically, as you suggest, a writ for cert to the Missouri Supreme Court. They have denied that motion. The issues regarding arbitrability raised by Global Blue are decided and permanent and final. Okay. So then my question is, it seems to me, how can you say that the judgment in the case is final when we're still going to proceed on and try the issue of liability on these domes or whatever? I mean, we've sort of lost sight of what the original liability is, but whatever it is, that's going to proceed on, and who knows how that will come out and all of that. How can we have a final judgment when we've still got so much uncertainty about even who has won the case? Your Honor, this is the Towers-Perrin case decided by the Third Circuit. And just before answering your question further, to set the stage a little bit to answer the question, there's no Missouri state court case which has decided the finality of a motion of a denial of a motion to compel arbitration. Numerous federal courts have considered this issue. The Third Circuit considered it in Towers-Perrin. The Eleventh Circuit considered it in Community State Bank. This court considered it to a certain degree in the Haydu case, but ultimately remanded for a finding as to whether or not there was a final judgment in the state courts. But in the Towers-Perrin case, the argument that was advanced by the party that was attempting to avoid the application of collateral estoppel was that you can never be final until the entire case is final. And the Third Circuit rejected that argument and basically said that the reason that it rejected it is because motions to compel arbitration are special summary proceedings. That proceed to their completion in a summary fashion. And to then circle back and say that the entire case isn't final simply is not logical and doesn't make sense. There is a, quoted on page 22 of our brief, I won't read this entire thing, but there's a lengthy paragraph from the Towers-Perrin case that considered and rejected this argument and says that you have to separate the merits of the case. The ultimate merits of the case do not impact arbitrability. And the fact that there is a ruling on arbitrability is final for those purposes and for purposes of collateral estoppel. The counsel would, apparently would make this final in part, and there was a little skirmishing on this after the initial February 10 order, whatever that date was, was entered, it didn't say judgment. And so the right to appeal it perhaps was questionable. But looking at 7401, 7401A talks about judgment, but B is an equivalent almost of 54B, it seems to me. But what it's talking about is one or more claim for relief, claim, counter-claim, cross-claim, third-party claim, multiple parties. This decision here on whether this should be arbitrated or not is none of those, it is certainly a motion for arbitration and a claim to some extent that arbitration is the way this has to be resolved. I'm a little concerned about not having anything from Missouri under 7401B that clearly holds that, I mean, it does seem like a total waste of time, but it even involves the Missouri Supreme Court. So I have a feeling that they would lean heavily towards saying this has been finally resolved. But it's not a clean fit for, I don't know if this is rule of civil procedure, it looks like 7401. Yeah, 7401 is Missouri rule of civil procedure, also referred to as Missouri Supreme Court rule. But when you read the cases that involve 7401, Your Honor, they equate finality for purposes of appeal with finality for purposes of preclusion. So I would suggest that if you read those cases and take their clear implication, because they weren't considering this in the context of arbitration, but if you read the Allen case, the Norwine case, the Schaffer case, each of those cases equated finality for purposes of appealability and finality for purposes of preclusion. And that's exactly what the Eleventh Circuit did in the community state bank case. But, counsel, the concern for me is not what the Third Circuit did, it's what a Missouri court would do. And my point is not the one you're responding to. My point is whether this should be arbitrated or not does not on its face necessarily fit the definition of claim, counterclaim, or cross-claim, or certainly multiple parties, which is the other option. But the appellate court took it as if it did fit that particular situation. So I mean, there's no particular answer to that unless you have some case law, but that's my concern about, I mean, all we can deal with is our best understanding of what Missouri makes of this. Well, Anthony, if I could address that, I do think I'm sorry I misappreciated the question. Well, maybe you didn't. Maybe I didn't fully appreciate your answer, so why don't you try again. Sure. Your Honor, under Missouri Revised Statute 435.355, motions to compel arbitration are tried in summary proceedings. So they're not counterclaims, they're not claims, they're tried in a special summary proceeding. In addition, when you layer onto that, that the Missouri courts have repeatedly held that issuance of the order. And if you combine that with, under the Missouri Arbitration Act, 435.440, which allows the immediate appeal, and of course there's the parallel provision under the Federal Arbitration Act that allows the immediate appeal, those issues are final and immediately appealable at that time. That's exactly what happened here. Global Blue, in fact, appealed, they had to get the judgment. There's a dispute in the lower, in the Missouri Courts of Appeal, as to whether or not it has to be designated a judgment. The Eastern District Court of Appeals, which we were in, holds that it has to actually be denominated a judgment. The other courts hold that it does not, that it's immediately appealable whether or not there is that denomination on it. That doesn't ultimately matter here. Let me ask, one thing I've noticed missing in each of these orders is something that the rule says must be in the order. That a judgment can be entered only upon express determination. Only upon express determination, no just reason for delay. That's not in any of these orders. Is that just something else that's not terribly important in Missourian? Well, what I can tell you, Your Honor, is that the Missouri Court of Appeals on April the 23rd saw the order that had been issued on April 8th and said that there is now an appealable order. So you know, I think it was sufficient to the Missouri Court of Appeals the denomination as a judgment. Well, can we circle back to the case that's actually before us, which is an appeal from a federal district judge? Where are we now under that? The district judge's ruling is now on a set-aside, whatever the writ of prohibition effect is, a prohibited circuit court decision. Doesn't that make his decision wrong and we reverse and vacate and send it back for whatever the next step may be? I disagree, Your Honor. The ruling by the writ panel in the Missouri Court of Appeals has no impact on the decisions by the district court judge here regarding collateral estoppel. The collateral estoppel opinion still applies. The April 8th no-arbitration judgment was final, and if there was any doubt as to that finality, the appellate court process has now completely played out, even though Missouri law is that it is final for purposes of collateral estoppel, even before the appellate process plays out. But nevertheless, it is final. Second, privity is not impacted by the conclusion by the Missouri Court of Appeals regarding their liability under the quotations. The privity issue is focused on the relief being sought, and I think you have to be careful not to merge the issues. The relief that is important to us here in this case, and was important to the district court judge below, was the request to compel arbitration. The underlying merits of the case, whether Wills and Salmon can be personally liable because they were identified as a party and because they initialed the contract, that ultimately doesn't matter. And that's exactly what the district court here held, is that there is a community of interest with respect to the arbitration issue. It would be, you know, a very odd outcome indeed if the organization that signed the quotations could, is held not to have a right to arbitration, yet the non-signatories to those contracts somehow would have a right to arbitration. They clearly have the same interests and are making the same arguments, under the same It's more like an indispensable party argument about the individuals needing to be in the same case where the arbitration is decided, rather than a privity argument. There's a lot of cases where somebody else's, where two lawsuits could yield inconsistent results. That doesn't make the parties in case B in privity with the parties in case A. But that's where the close relationship of the individuals to the organization do make it a privity issue, in my opinion, your honor. This court and the Missouri courts and numerous other courts have repeatedly held that the close relationship between a corporation and individuals, such as officers, key employees, can be in privity. And particularly, this court in the Greenberg case, which cited a 7th Circuit case, Henry, the 11th Circuit in the Pelletier case, this court in the Dreyer case, and similarly the Missouri Court of Appeals in the Civic Plaza case recognized that there was no argument that the individuals seeking to be held in privity were closely related by being officers, owners, or employees of the corporation. So all of these courts recognize that the close relationship we have here is what lends itself to the finding that privity does, in fact, exist. You know, your formulation of it is fairly loose. I mean, to me, it's almost an exception to the general concept that you can't be bound to a judgment you're not a party to. This whole privity idea, I understand what you're saying about the cases, but you're kind of saying, you know, if we're in a close relationship, I mean, I don't know. I feel like you're making it a fairly loose standard, something that, to me, is fairly central to the due process clause. Well, and I think that the holdings by this court and Greenberg and Dreyer— Particularly here where these guys shouldn't even be in this court. They don't even—this court doesn't even have jurisdiction over them, and all of a sudden they're bound by a judgment that, in this case, it's by a court that didn't have jurisdiction over them. It's just kind of—to me, it's conceptually problematic. I understand where you get there under the cases. I'm not faulting you for that. And I would suggest, Your Honor, if they weren't even there, they could still be bound by this because of their close relationship. No, I understand that, but that's still—as I said, it begins to dance very close to the due process line when you start holding people just because they're in a close relationship, whatever the heck that is. I don't know. Let me ask, was any of this presented to the Missouri Court of Appeal and the writ of prohibition? I mean, the argument that they—that I recall reading in the opinion has to do with whether initializing a contract is enough to make a person personally liable if you don't initialize it in the right way, initials on behalf of the corporation. Was the fact that perhaps initials didn't do it, but they are in privity with global or any arguments like that, was that what they made in the writ of prohibition appeal? No, Your Honor. The focus of the writ of prohibition was on whether or not they were personally bound for damages under the quotation, and we did not advance an argument that they are personally bound because they're in privity, and I don't think that's the law. I don't think someone can . . . That's fine. I was just asking if the argument was made. You've made your argument on privity. I'm not asking you to repeat it. Insofar as what the district judge did in our case, and sort of picking up on what Judge Haynes is saying, what the district judge relied on is gone due to the writ of prohibition. At most, you have a situation in which some other decisions, not dealing with them, in which they are not parties, may really explain how all of this works, but for the district judge to have relied on collateral estoppel affecting a case in which these individuals were not parties, it seems like the wrong answer, regardless of whether the result is right, which I'm not saying one way or the other, it's not the right way to analyze it. I disagree, Your Honor, because what the district court here relied on was the April 8th no arbitration judgment. That judgment was against the corporation. So nothing is gone that the district court relied on. Any sense that that judgment affected the individuals, I think, is gone. I disagree for the reason I suggested to Judge Haynes, is that the individuals could not have even been named parties, and if they would have come in and for whatever reason filed a motion to compel arbitration because of some perceived risk that they were going to be named and sued as well, the same privity argument would exist. The privity arguments exist because they were not parties to the judgment that we are seeking to extend to them. So I think that would, you know, to ignore the April 8th judgment and simply hold that simply because the individuals cannot be held personally liable under the contract, sort of, you know, basically dispenses of the privity concept altogether. There would never be a situation then in which there could be privity, and certainly it's not a requirement under Missouri law, and frankly, you know, the law of privity as I've seen this court ride on, that requires the party who's being held in privity to be a party to the case. I think that's not a requirement at all, and the April 8th arbitration judgment is final, and if the individuals are in privity with the corporation, then that issue holds true today just as it was when the district court considered it. Thank you. Mr. Smith? If I could just address the issue of finality that Judge Haynes had been asking about. I think you had raised it in a way suggesting, well, if the judge woke up one day and said, wow, I made a mistake, what can I do? And I think, Your Honor, the law is clear. We need to be looking at Missouri law, not the Third Circuit law, Eleventh Circuit law, Missouri law on the issue. And Allen v. Titan Propane says, in Missouri, application of collateral estoppel requires a written document, denominated as a judgment, that disposes of all claims against all parties. That's Allen v. Titan Propane. Where no final judgment has been entered, the various rulings made by the trial court remained interlocutory and subject to revision at any time before the entry of a final judgment. Counsel, what about 7401 and particularly B that talks about the right to enter a judgment if on fewer than all claims or fewer than all parties, so long as you have the proper language in the trial court order, which is very similar to what we do in 54B. You take that up on appeal. But your argument is what the appellate court did and even the Missouri Supreme Court does is all a waste of time, which does seem rather odd from this perspective. You have an uphill climb, but start on your journey again. Yes, sir. I think the procedure is a little bit odd, that motions can be decided, and yet in Allen v. Titan Propane, for example, a summary judgment had been decided. But the court determined in that case that because the judge hadn't signed it and denominated it as final, that it didn't have res judicata collateral estoppel effect on the next case. And that's in Allen v. Titan Propane. In Nicholson, the Nicholson case explains why it is that the motion to deny arbitration is interlocutory in nature, but because of the Arbitration Act, it has a special right to immediate appeal, not because it's a final judgment, but because it's something special. So to answer your question, Judge Southworth, which is to say, well, wait a minute. It went up to the Missouri Court of Appeals and now it's over? The issue of whether arbitration . . . Nicholson seems to be your best case, and it's a very unusual procedural set of missteps or steps, I'm not sure which, but I don't see in Nicholson any situation like ours in which you had an actual judgment entered 7401B, which makes the judgment really fit under A as a final judgment, if you use the right language. Nicholson didn't seem to involve one of those. It then went up to an appellate court and had a resolution, and then the trial court said, well, that's fine and dandy, but I woke up with a fresh point of view this morning and I'm going to change my mind. And I don't think that happened in Nicholson, but I will have to read it more closely. You don't have much time, so you don't have to correct me, but I will leave that as something I need to check out. I believe, Your Honor, recollection of Nicholson is correct with respect to the appeal, and I would say this with respect to Judge Haynes' view and your question about it being a waste of time. At best for Ariza, what they have is the appellate court affirmed a decision by the trial court construing documents with argument that was presented with a claim that they should go to arbitration on the arguments that were presented, the evidence that was presented, which are the documents, and that decision has been made by the Court of Appeals and the transfer to the Supreme Court of Missouri has been denied. So our view is, at best, what that is, is law of the case as it relates to that particular record that was before the trial court at the time. So to Judge Haynes' view, hypothetically, if during discovery of this case, when it ever begins, we were to find that the provision in the quotations that the Missouri Court of Appeals relied on for rescission was inserted after it was signed by the individuals, hypothetically, let's say that that evidence came to light, the issue of arbitration is not final, and we'd be able, in our view, in Missouri, to file a motion . . . So your point is really that law of the case is not jurisdictional, it's prudential, and it's subject to the same kinds of exceptions that we have. Yes. New facts, maybe intervening change in law, this, that, or the other, you know, fraud or whatever, I mean, whatever may be some exception, it's not jurisdictional. And so maybe the trial court can't just wake up and keep changing its mind, but new facts, new this, new that, could change the outcome, and so it's not final because of that. Yes, ma'am, and I would say new facts and new developments can change the outcome consistent with the law decided by the Court of Appeals as related to the specific things that it had before it. So it's not final. And for us . . . So the law of the case does not mean that you, trial court, can never say the word arbitration again in this case? No, ma'am. Okay. And so the question here is when denying a petition under Section 4 and saying that that is not considered on the substance because it's final, we believe under the law before the . . . with the facts in the record before the district court, the facts of the record now as developed before this court, it is not final. Thank you, counsel. Thank you both. Thank you.